[Cleveland v. Williamson.]

# Cleveland *v.* Williamson.

*Bill in Equity to Enforce Payment of a Debt.*

*Bill to enforce payment of a debt; when barred by statute of limitations.*
A bill filed on the 28th of December, 1874, to enforce the payment of a debt
which accrued on the 10th of September, 1866, growing out of a sale by one
partner to another, of his half interest in the partnership property, the sale
being considered for cash, allowing the purchaser a short undefined indul-
gence for payment, can not be sustained on demurrer, setting up the statute
of limitations for six years, as a bar to such suit.

APPEAL from Chancery Court of Mobile.
Heard before the Hon. H. AUSTILL.
The opinion states the case.

JOHN T. TAYLOR, J. M. CLOUD, and BOYLES & OVERALL,
for appellants.

JOHN C. CUTHBERT, *contra.*

MANNING, J.—The bill in this cause was filed by ap-
pellee to obtain payment of a debt due to him from appellant,
Huggins Cleveland, for a sale made to the latter in September,
1866, by complainant, Williamson, of his one-half interest in
the machinery, platforms and other structures, belonging to
them as partners, of a cotton pickery establishment in Mobile.
The things thus sold were erected on lots of Wm. F. Cleve-
land, father of said Huggins, in 1865, at an expense of $10,000
to the partnership, under an oral agreement and assurance of
said Wm. F. "that he would execute to them a title to said
lots, at a fair price, at such time as might suit them."   With-
out having made any offer to said Wm. F. to pay him for the
lots, Williamson and Huggins Cleveland, in September, 1866,
agreed to dissolve their partnership, and the former made to
the latter the sale before mentioned, and "relinquished the
possession of said pickery and its appurtenances to Huggins
Cleveland, who, on the same day, assumed the entire property,
possession and management thereof.   The parties understood
this transaction to be a cash sale, allowing to the purchaser
a short, undefined indulgence to arrange for the payment."
The sum to be paid was $7,500.

[High v. Snedicor et al.; High v. Glover et al.]

The bill charges further, that in March preceding, (1866), without notice to, or the knowledge of, complainant, Wm. F. Cleveland had, by deed of gift, conveyed the lots on which these structures were erected to Cecelia Cleveland, wife of said Huggins; and that the latter had not paid the sum aforesaid; and complainant believes and charges " that he has no power at law to collect said debt, or any part thereof, from Huggins Cleveland."

Defendants below (appellants in this court) demurred to the bill, among other grounds not specific enough according to our statutes, that the debt sued for is barred by the statute of limitations. This cause of demurrer is well assigned. Complainant has too long delayed to bring his suit.

The decree of the chancellor, overruling the demurrer, must be reversed, and the bill be dismissed.